Filed 12/6/24  P. v. McCalipp CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FOURTH APPELLATE DISTRICT

# DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E082629 |
| v. | (Super. Ct. No. RIF1301693) |
| ERIC MARTIN MCCALIPP, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Helios (Joe) Hernandez, Judge.  (Retired judge of the Riverside Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)  Affirmed.

Jeanine G. Strong, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Kristen Chenelia and Daniel Rogers, Deputy Attorneys General, for Plaintiff and Respondent.

I.

INTRODUCTION

The trial court found defendant and appellant Eric Martin McCalipp ineligible for resentencing pursuant to Penal Code[1] section 1172.75 because the sentencing enhancement imposed for his having suffered a prior prison term (§ 667.5, subd. (b)) was stayed during his initial sentencing proceedings.

On appeal, defendant contends trial courts must conduct full resentencing hearings pursuant to section 1172.75 for every defendant whose prison sentence includes a prior prison term enhancement under section 667.5, subdivision (b) regardless if the enhancement was executed or stayed. Until our Supreme Court states otherwise, we follow our opinion in *People v. Rhodius* (2023) 97 Cal.App.5th 38 (*Rhodius*), review granted Feb. 21, 2024, S283169, and conclude a defendant is not entitled to full resentencing pursuant to section 1172.75 when prior prison term enhancements that have been imposed and stayed.[2] We thus affirm the trial court's order.

---

[1] Unless otherwise indicated, all future statutory references are to the Penal Code.

[2] The question of whether section 1172.75 applies to prior prison terms which were imposed and stayed is currently pending before our Supreme Court. (See *Rhodius*, *supra*, 97 Cal.App.5th 38, review granted Feb. 21, 2024, S283169; *People v. Saldana* (2023) 97 Cal.App.5th 1270 (*Saldana*), review granted Mar. 12, 2024, S283547; *People v. Christianson* (2023) 97 Cal.App.5th 300 (*Christianson*), review granted Feb. 21, 2024, S283189.

## II.

## PROCEDURAL BACKGROUND[3]

In June 2013, a jury convicted defendant of domestic violence (§ 273.5, subd. (e)(1)) and found true an allegation defendant personally inflicted great bodily injury on the victim (§§ 12022.7, subd. (e), 1192.7, subd. (c)(8)).[4] Defendant admitted he had suffered two prior strike convictions (§§ 667, subds. (c), (e)(2)(A), 1170.12, subd. (c)(2)(A)) and one prior prison term (§ 667.5, subd. (b)). The trial court sentenced defendant to 25 years to life, plus four years for the great bodily injury enhancement, for an aggregate term of 29 years to life. The court imposed and stayed the one-year prior prison term enhancement.

In 2023, defendant moved for resentencing under section 1172.75. At the hearing on defendant's request pursuant to section 1172.75, defense counsel asked that the section 667.5, subdivision (b) prior be dismissed and the matter set for a full resentencing hearing. Citing *Rhodius*, the prosecutor objected, arguing defendant was ineligible for relief under section 1172.75 because the sentence for the prior prison term had been stayed. Defense counsel replied that *Rhodius* was wrongly decided because the case did not consider the equal protection and due process "constitutional implications in interpreting imposed as meaning imposed and stayed in Penal Code Section 1172.75."

---

[3] The underlying factual background is not relevant to the issues raised on appeal. We therefore dispense with a statement of facts.

[4] The jury found defendant not guilty of the second count charge of criminal threats (§ 422).

3

The trial court agreed with the *Rhodius* decision and denied defendant's request for resentencing, finding the section inapplicable to stayed enhancements. Defendant timely appealed.

III.

DISCUSSION

Defendant argues trial courts must conduct full resentencing hearings pursuant to section 1172.75 for defendants whose prison sentence includes a prior prison term enhancement under section 667.5, subdivision (b) regardless if the enhancement was executed or stayed. He further asserts that our opinion in *Rhodius*, *supra*, 97 Cal.App.5th 38, review granted, was wrongly decided and that we should adopt the reasonings of *Saldana*, *supra*, 97 Cal.App.5th 1270 and *Christianson*, *supra*, 97 Cal.App.5th 300.

The Attorney General responds the appeal should be dismissed for lack of jurisdiction because Senate Bill No. 483 does not allow for the initiation of resentencing proceedings by a defendant but rather by the California Department of Corrections and Rehabilitation (CDCR). Alternatively, the Attorney General argues the trial court correctly found a defendant with a stayed prior prison term enhancement is not eligible for resentencing under section 1172.75 because no additional term of punishment was added at the time of sentencing.

4

A. *Jurisdiction*

In response to the Attorney General's lack of jurisdiction claim, defendant asserts that because the CDCR had referred defendant for resentencing, the trial court had jurisdiction to hear the matter.[5] Defendant also argues the People did not object to lack of jurisdiction in the court below and may not now change its position.

"Prior to January 1, 2020, section 667.5, subdivision (b) required trial courts to impose a one-year sentence enhancement for each true finding on an allegation the defendant had served a separate prior prison term and had not remained free of custody for at least five years." (*People v. Burgess* (2022) 86 Cal.App.5th 375, 379-380.) On January 1, 2020, after defendant's sentencing hearing, Senate Bill No. 136 amended section 667.5, subdivision (b) to allow for the imposition of a one-year prior prison term enhancement only for prior convictions based upon specified sexually violent offenses. (Stats. 2019, ch. 590, § 1.)

In 2022, the Legislature enacted Senate Bill No. 483, establishing a recall and resentencing procedure for any persons serving a term of incarceration, whose sentences included an invalid prior prison term enhancement. (See § 1172.75, subd. (c).) The resentencing process begins with corrections officials notifying the court that an incarcerated person is serving a term for a judgment that includes an invalid section 667.5, subdivision (b) enhancement. (See § 1172.75, subd. (b).) It is well-settled that

---

[5] In support, defendant has filed a request for judicial notice of CDCR's list identifying defendant as serving a prior prison term and subject to resentencing under section 1172.75. We grant defendant's request. (Evid. Code, §§ 452, 459.)

5

neither a defendant nor someone acting upon the defendant's behalf can seek recall for resentencing by filing a motion or petition. (*People v. Cota* (2023) 97 Cal.App.5th 318, 332 (*Cota*) ["section 1172.75 does not authorize a defendant to seek resentencing on his or her own motion or petition"].)

Section 1172.75 establishes a deadline under which the secretary of the CDCR and county correctional administrators must identify persons in custody serving sentences that include an enhancement under section 667.5. First, "[b]y March 1, 2022, for individuals who have served their base term and any other enhancements and are currently serving a sentence based on the [affected] enhancement." And second, "[b]y July 1, 2022, for all other individuals." (§ 1172.75, subd. (b)(1)-(2).) Resentencing for the "priority" group was statutorily required to occur by October 1, 2022, and "[b]y December 31, 2023, for all other individuals." (§ 1172.75, subd. (c)(1), (2).)

Defendant was convicted in June 2013, and began serving his sentence in July 2013. "The general rule is that 'once a judgment is rendered and execution of the sentence has begun, the trial court does not have jurisdiction to vacate or modify the sentence.'" (*People v. King* (2022) 77 Cal.App.5th 629, 634.) There are however statutorily recognized exceptions to this rule. (See, e.g., §§ 1172.6 [authorizing a petitioner to seek postconviction resentencing on eligible convictions for murder, attempted murder, and voluntary manslaughter]; 1170.18 [establishing petition procedure for resentencing on specified drug and theft-related offenses]; 1170.126 [petition procedure for resentencing under the Three Strikes Reform Act]; 1170, subd. (d)(1)(A)

[petition procedure for juvenile offenders sentenced to life without the possibility of parole to seek recall and resentencing to a parole eligible term]; 745, subd. (b) [establishing a motion procedure for seeking relief under the Racial Justice Act].)

Here, defendant's appointed counsel sought recall and resentencing pursuant to section 1172.75. Section 1172.75 does not however authorize a defendant or his trial counsel to seek recall and resentencing by filing a freestanding motion or requesting resentencing. (See *People v. Burgess*, *supra*, 86 Cal.App.5th at p. 384 ["section 1172.75 simply does not contemplate resentencing relief initiated by any individual defendant's petition or motion"]; *Cota*, *supra*, 97 Cal.App.5th 318 [same]; *People v. Newell* (2023) 93 Cal.App.5th 265, 268 [same]; *People v. Escobedo* (2023) 95 Cal.App.5th 440, 448 ["when the Legislature wants to authorize defendants to seek relief by way of a petition, . . . it knows how to do so"].) As relevant here, the resentencing procedure under section 1172.75 begins with corrections officials identifying inmates potentially eligible for resentencing. (See § 1172.75, subd. (b).)

In this case, Exhibit A from defendant's request for judicial notice indicates that CDCR had identified defendant as an inmate with a section 667.5, subdivision (b) prior prison term, and the date such information was received. Because defendant was identified on this list, the trial court had jurisdiction to recall his sentence, even if the court was prompted to act by the public defender's request seeking recall and resentencing. (*Cota*, *supra*, 97 Cal.App.5th 318 [holding that CDCR's identification of the defendant as an individual potentially eligible for resentencing under section 1172.75

7

vests the court with jurisdiction to recall the defendant's sentence]; see *People v. Coddington* (2023) 96 Cal.App.5th 562, 567, fn. 4 [same].) We now turn to the merits of defendant's claim.

B. *Application of Section 1172.75 to Stayed Prior Prison Terms*

Effective June 2022, Senate Bill No. 483 added section 1171.1 to the Penal Code, which was subsequently renumbered without substantive change as section 1172.75. (Stats. 2022, ch. 58, § 12.) Section 1172.75, subdivision (a), provides that "[a]ny sentence enhancement that was imposed prior to January 1, 2020, pursuant to subdivision (b) of Section 667.5, except for any enhancement imposed for a prior conviction for a sexually violent offense . . . is legally invalid." Once the California Department of Corrections and Rehabilitation identifies those persons "currently serving a term for a judgment that includes an enhancement described in subdivision (a)" to the sentencing court, "the court shall recall the sentence and resentence the defendant." (§ 1172.75, subds. (b) & (c).)

Section 1172.75, subdivision (d)(1) states, in relevant part, "[r]esentencing pursuant to this section shall result in a lesser sentence than the one originally imposed as a result of the elimination of the repealed enhancement . . . ."

Our decision in *Rhodius*, *supra*, 97 Cal.App.5th 38 involved a similar situation as this case. The defendant in that case pled guilty and admitted two prior prison term enhancements. The sentencing court imposed one year for each enhancement and then stayed the punishment. (*Id*. at p. 41.) At a later hearing held under section 1172.75, the

8

trial court vacated the sentence on the two prior prison term enhancements and ordered them stricken, but otherwise denied full resentencing. (*Rhodius*, *supra*, at pp. 41-42.) We concluded the express language in section 1172.75, subdivision (d)(1) requiring the resentencing to "result in a lesser sentence than the one originally imposed as a result of the elimination of the repealed enhancement," and the legislative history behind the enactment of Senate Bills Nos. 136 and 483 require the conclusion section 1172.75 does not invalidate prior prison term enhancements that were imposed but stayed. (*Rhodius*, *supra*, at pp. 43-49.)

As summarized in *Rhodius*, the legislative history stated in the Senate Committee on Public Safety Analyses for Senate Bill No. 136 signals intent "(1) [that] sentencing enhancements are ineffective and disproportionately subject the 'Black and Latino' communities to longer periods of incarceration; (2) [to] end[ ] double punishment for prior convictions; [and] (3) [to] reallocate[] 'wasteful' spending from imprisonment to community-based services." (*Rhodius*, *supra*, 97 Cal.App.5th at p. 46, review granted.) Similarly, the legislative history stated in the Senate Committee on Public Safety Analyses for Senate Bill No. 483 signals intent "to provide relief for '[p]eople in California jails and prison . . . still burdened by mandatory enhancements'"; to ensure "'"that no one is serving time based on rulings that California has already deemed unfair and ineffective"'"; to "provide relief for '"[t]hose who . . . continue to be separated from their families and communities"'"; and to reduce the prison costs caused by sentencing enhancements. (*Rhodius*, *supra*, at pp. 46-47.) We determined that "[i]n order to

9

harmonize section 1172.75, subdivision (d)(1)'s requirement with section 1172.75, subdivision (a), the meaning of 'impose' must be interpreted to mean 'imposed and executed.'" (*Rhodius*, *supra*, at p. 44.) We thus concluded that defendants with stayed prior prison term enhancements are not entitled to recall and resentencing under section 1172.75. (*Rhodius*, *supra*, at p. 44 ["To interpret 'imposed' as used in section 1172.75, subdivision (a), to include when a sentence was 'imposed and stayed' would require any sentencing court faced with an 'imposed and stayed' enhancement to arbitrarily lower a sentence [pursuant to subdivision (d)(1)] simply because the judgment contained a stayed enhancement"].)

On the other side of the divide are *Saldana*, *supra*, 97 Cal.App.5th 1270, *Christianson*, *supra*, 97 Cal.App.5th 300, and *People v. Renteria* (2023) 96 Cal.App.5th 1276. These cases reject the view expressed in *Rhodius* that an interpretation of the word "imposed" as used throughout section 1172.75 to mean both "imposed and executed" sentences and "imposed and stayed" sentences would create an internal conflict between section 1172.75, subdivisions (a) and (d)(1). (*Saldana*, *supra*, at p. 1278, review granted [disagreeing with the *Rhodius* court's assumption that striking a stayed enhancement cannot result in a lesser sentence]; *Christianson*, *supra*, at p. 312, review granted ["a stayed sentence enhancement remains as part of the judgment and continues to carry the potential for an increased sentence in certain circumstances, and removal of the stayed enhancement does provide some relief to the defendant by eliminating that potential"]; *Renteria*, *supra*, at pp. 1282-1283 [stayed enhancements which appear in the abstract of

judgment were "imposed" for purposes of § 1172.75]; accord, *People v. Mayberry* (2024) 102 Cal.App.5th 665, 674, review granted Aug. 14, 2024, S285853; *People v. Espino* (2024) 104 Cal.App.5th 188, 196, review granted Oct. 23, 2024, S286987;[6] see *People v. Gray* (2024) 101 Cal.App.5th 148, 167, 167, fn. 14 ["Other courts to have considered this question have focused on the meaning of the term 'imposed,' and have disagreed with *Rhodius*."].) Echoing *Christianson*, *Saldana* observed, "[t]he presence of a stayed term or enhancement is not without significance; it is part of the sentence and remains available if its execution becomes necessary and proper for any legally sanctioned reason." (*Saldana*, *supra*, at p. 1278.)

As the *Christianson* court explained, "the Legislature chose to mandate a full resentencing for those individuals impacted by a now invalid section 667.5, subdivision (b) enhancement. We see no reason to differentiate between defendants serving an additional term based specifically on a now invalid enhancement[] and those for whom the enhancement was imposed but stayed. In both instances, the presence of the enhancement was one component considered by the sentencing court in pronouncing the overall sentence." (*Christianson*, *supra*, 97 Cal.App.5th at p. 315.)

We reiterate that in analyzing the legislative history of Senate Bill No. 483, this court in *Rhodius* observed that the Legislature was primarily concerned with providing relief to those who had served time on rulings deemed unfair, on separating inmates from their families, and on the costs to the state of incarceration. (*Rhodius*, *supra*, 97

---

[6] *Mayberry* and *Espino* were decided after briefing in this case.

11

Cal.App.5th at pp. 46-48.)  "The findings, costs, and ramifications of . . . Senate Bill [No.] 483 cited during the legislative sessions presuppose inmates who are serving additional time as a result of the sentencing enhancement under section 667.5[, subdivision] (b).  The references to financial and familial burdens do not logically follow if a defendant is not actually serving additional time as the result of an imposed and executed sentence associated with a section 667.5[, subdivision] (b) prior.  As such, to interpret the statute to include enhancements that were imposed and stayed would be contrary to the legislative intent and the plain language of the statute."  (*Rhodius*, *supra*, at pp. 48-49.)

Here, since the court did not execute sentence on the prior prison term enhancement, striking that enhancement as anything other than an administrative function would not promote the legislative concerns in passing Senate Bill No. 483; in other words, striking the enhancement would not provide a lessened term for defendant, would not enable him to reunify with his family, and would not result in any cost savings to the state.  We continue to follow our decision in *Rhodius* that section 1172.75 does not invalidate prior prison term enhancements that were imposed and stayed and thus defendant is not entitled to a full resentencing hearing under section 1172.75.

12

IV.

DISPOSITION

The trial court's order is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

CODRINGTON
J.

We concur:

RAMIREZ
P. J.

MILLER
J.

13